FILED by **KZ** D.C.
ELECTRONIC

Sep 12, 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80172-CR-MIDDLEBROOKS-W/BRANNON

18 U.S.C. § 1344
18 U.S.C. § 2

UNITED STATES OF AMERICA,

　　　　Plaintiff,

vs.

DAWN HERNDON,

　　　　Defendant.
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1. Defendant **DAWN HERNDON** created, registered and controlled Accurate Title Closings, Inc. ( hereinafter ATC), a Florida corporation located in Lake Worth, Florida. **DAWN HERNDON** used ATC, to receive and disburse monies obtained from mortgage lenders on behalf of buyers for real estate transactions.

2. Defendant **DAWN HERNDON** was licensed by the state of Florida as a real estate title agent and also acted as a real estate closing agent.

3. Regent Bank, JP Morgan Chase Bank N.A., Palm Beach Community Bank, Wells Fargo Bank N.A., and Bank of America were financial institutions whose deposits were insured

by the Federal Deposit Insurance Corporation (FDIC) and which provided mortgage money for real estate transactions closed by **DAWN HERNDON**.

## COUNTS ONE THROUGH FIVE
## FRAUD ON A FINANCIAL INSTITUTION
## (18 U.S.C. § 1344)

4. Paragraphs 1 through 3 of the General Allegations section of this Information are realleged and incorporated by reference as though fully set forth herein.

5. Beginning at least as early as December 28, 2009, and continuing through on or about December 23, 2010, at Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**DAWN HERNDON,**

did knowingly, and with intent to defraud, execute, attempt to execute, and cause the execution of a scheme and artifice to defraud one or more financial institutions, including Regent Bank, JP Morgan Chase Bank N.A., Palm Beach Community Bank, Wells Fargo Bank N.A., and Bank of America, which scheme and artifice employed one or more material falsehoods, and did knowingly execute, attempt to execute, and cause the execution of a scheme and artifice to obtain any of the monies and funds owned by, and under the custody and control of one or more said financial institutions, by means of false and fraudulent pretenses, representations, and promises relating to a material fact, in violation of Title 18, United States Code, Sections 1344(1), 1344(2) and 2.

## OBJECT OF THE ARTIFICE AND SCHEME TO DEFRAUD

6. It was the object of the scheme and artifice to defraud for the defendant, **DAWN HERNDON**, to unlawfully enrich herself by, among other things, making false and fraudulent representations to one or more financial institutions concerning the disbursement of mortgage

monies entrusted to ATC in order to fraudulently obtain and use for her own benefit such monies.

### MANNER AND MEANS OF THE SCHEME AND ARTIFICE TO DEFRAUD

7. The manner and means by which defendant **DAWN HERNDON** induced the FDIC insured banks named above to provide loan proceeds to the defendant, included the following:

   a. **DAWN HERNDON** agreed to be the title agent and closing agent for real estate transactions in Florida and to disburse the mortgage proceeds as required by the buyers' mortgage lenders.

   b. **DAWN HERNDON** caused the preparation of preliminary HUD-1 forms on which she indicated that the mortgage proceeds received from buyers' mortgage lenders would be used to satisfy sellers' mortgages, and to pay home owners association fees, county property tax bills, real estate commissions, and sellers' proceeds. These preliminary HUD-1 forms were provided to the buyers' mortgage lenders, including Regent Bank, JP Morgan Chase Bank N.A., Palm Beach Community Bank, Wells Fargo Bank N.A., and Bank of America to induce the distribution of monies to ATC to conduct the closings.

   c. Relying on the preliminary HUD-1s provided by **DAWN HERDON** the mortgage lenders wire transferred mortgage monies to the ATC escrow accounts for the purpose of closing real estate transactions.

   d. Contrary to the representations made on the HUD-1s, **DAWN HERNDON** transferred most of the mortgage proceeds from the ATC escrow accounts to the ATC business operating accounts and then used these monies for her personal benefit, that is, to

gamble and to pay personal and business expenses. Only a small portion of the mortgage monies entrusted to ATC were used to pay the costs associated with the closings.

e.  To conceal the fact that she had used the mortgage monies for her own benefit, **DAWN HERNDON** sent the lenders final HUD-1s which falsely represented that the payments had been made as stated on the form.

f.  From at least as early as December 28, 2009 and continuing through December 23, 2010, **DAWN HERNDON** obtained more than $3.3 million of mortgage monies from approximately 32 separate closings which she did not disburse as stated on HUD-1 forms.

## EXECUTION OF THE SCHEME TO DEFRAUD

8.  On or about the dates specified as to each Count below, in the Southern District of Florida and elsewhere, the defendant did execute, attempt to execute and cause and attempt to cause the execution of the scheme and artifice to defraud by making materially false statements as more particularly described in each Count set forth below:

| COUNT | DATE | DESCRIPTION OF ACT IN EXECUTION OF THE SCHEME AND ARTIFICE |
|---|---|---|
| 1 | February 22, 2010 | The Defendant prepared and submitted to Regent Bank a HUD-1 form for a property located at 12775 Newton Place, Wellington, Florida, which falsely stated that mortgage money obtained from Regent Bank for the purchase of the property was paid to GMAC to satisfy seller's outstanding mortgage in the amount of $100,541.06. |
| 2 | July 2, 2010 | The Defendant prepared and submitted to JP Morgan Chase Bank N.A. a HUD-1 form for a property located at 146 Woodlake Circle, Lake Worth, Florida, which falsely stated that mortgage money obtained from JP Morgan Chase Bank N.A. for the purchase of the property was paid to Wachovia Bank to satisfy seller's outstanding mortgage in the amount of $127,671.37. |

| 3 | September 21, 2010 | The Defendant prepared and submitted to Palm Beach Community Bank a HUD-1 form for a property located at 122 Linda Lane, West Palm Beach, Florida, which falsely stated that mortgage money obtained from Palm Beach Community Bank for the purchase of the property was paid to JP Morgan Chase Bank NA to satisfy seller's outstanding mortgage in the amount of $569,266.34. |
| --- | --- | --- |
| 4 | September 27, 2010 | The Defendant prepared and submitted to Bank of America a HUD-1 form for a property located at 721 Hollywood Place, West Palm Beach, Florida, which falsely stated that mortgage money obtained from Bank of America for the purchase of the property was paid to Aurora Loan Services to satisfy seller's outstanding mortgage in the amount of $104,804.06. |
| 5 | November 30, 2010 | The Defendant prepared and submitted to Wells Fargo Bank N.A a HUD-1 form for a property located at 4017 Aloe Path, Boynton Beach, Florida, which falsely stated that mortgage money obtained from Wells Fargo Bank N.A. for the purchase of the property was paid to Bank of America to satisfy seller's outstanding mortgage in the amount of $241,310.71. |

All in violation of Title 18, United States Code, Sections 1344(1), 1344(2) and 2.

_/s/ Edward C. Nucci for_
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_/s/_
ELLEN L. COHEN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

DAWN HERNDON,

         **Defendant.**
_____/

CASE NO. 12-80172-CR-MIDDLEBROOKS/BRANNON

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division**: (Select One)

\_\_\_ Miami    \_\_\_ Key West
\_\_\_ FTL    _X_ WPB    \_\_\_ FTP

New Defendant(s)    Yes \_\_\_    No \_\_\_
Number of New Defendants \_\_\_
Total number of counts \_\_\_

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)    NO
   List language and/or dialect

4. This case will take __3__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   
   I    0 to 5 days    _X_
   II    6 to 10 days
   III    11 to 20 days
   IV    21 to 60 days
   V    61 days and over

   (Check only one)
   
   Petty
   Minor
   Misdem.
   Felony    _X_

6. Has this case been previously filed in this District Court? (Yes or No) __No__
   If yes:
   Judge: _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) __No__
   If yes:
   Magistrate Case No.
   Related Miscellaneous numbers:
   Defendant(s) in federal custody as of
   Defendant(s) in state custody as of
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No) __no__

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? \_\_\_ Yes _x_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? \_\_\_ Yes _x_ No

                         _____
                         ELLEN L. COHEN
                         ASSISTANT UNITED STATES ATTORNEY
                         Florida Bar No./Court No.0739472

*Penalty Sheet(s) attached                                                     REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** DAWN HERNDON

Case No: 12-80172-CR-MIDDLEBROOKS/BRANNON

Counts #: 1 through 5

　Fraud on a financial institution

　Title 18, United States Code, Section 1344

* **Max.Penalty**:　　30 years' imprisonment, 5 years supervised release, $1,000,000 fine as to each count.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 12-80172-CR-MIDDLEBROOKS/BRANNON

### BOND RECOMMENDATION

DEFENDANT: DAWN HERNDON

$100,000 Personal Surety with property and co-signed
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA: ELLEN L. COHEN

Last Known Address: 3784 ISLE VISTA BLVD

WELLINGTON FL 33449 US

What Facility:

Agent(s):  FBI S/A WILLIAM JOHNSON
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 12-80172-CR-MIDDLEBROOKS/ |
| DAWN HERNDON | ) | BRANNON |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*